**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Harold Precil,<br><br>                     Plaintiff,<br>      -v-<br><br>U. S. Security Associates, Inc.,<br><br>                Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Harold Precil ("plaintiff" or "Precil"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the defendant U.S. Security Associates, Inc. ("defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendant, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7.  Plaintiff Harold Precil ("plaintiff" or "Precil") is an adult, over eighteen years old, who currently resides in Nassau County, New York.

8.  Upon information and belief, defendant U.S. Security Associates, Inc. ("U.S. Security") is a foreign for-profit corporation organized and existing under the laws of the State of Georgia and duly authorized to do business in New York with New York offices at 1400 Broadway, Suite 2312, New York, NY 10018.

## STATEMENT OF FACTS

9.  Upon information and belief and at all times relevant herein, defendant U.S. Security Associates, Inc. was engaged in the business of providing security services throughout the United States and Internationally. See  http://www.ussecurityassociates.com/

10. Upon information and belief and at all times relevant herein, defendant employed hundreds of employees within New York City and thousands within the United States and internationally.

11. Upon information and belief, and at all times relevant herein, plaintiff was employed by defendant from in or around October/November 2011 to on or about October 30, 2015.

12. At all times relevant herein, defendant employed plaintiff as a security guard within New York

State.

13. At all times relevant herein, plaintiff was paid at a rate of $10-$12 an hour.

14. From on or about June 20, 2014 to July 2, 2014,  and from on or about December 26, 2014 to in or around Mid-January 2015, plaintiff performed security work for defendant and was not paid for all hours worked in each week during these periods, including his overtime hours. Defendant failed to pay plaintiff for about 92 hours worked– 9 hours at his regular rate an hour and 83 hours at his overtime rate of at least 1.5 times his regular rate.

15. At all times relevant herein, plaintiff made several complains to defendant (account manager) regarding his unpaid wages and overtime wages - his most recent complaint was on or about October 9, 2015. But despite plaintiff's numerous complaints, defendant persistently and willfully failed to pay plaintiff for each and all hours owed to him, including his overtime hours, thus making this lawsuit necessary.

16. At all times relevant herein and for the time plaintiff was employed by defendant, defendant failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked during the period from on or about June 20, 2014 to July 2, 2014, and from on or about December 26, 2014 to in or around Mid-January 2015.

17. A more precise statement of the hours and wages owed to plaintiff will be made when plaintiff obtains the wage, time and employment records defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of plaintiff's wage and time records that defendant was required to keep are incorporated herein by reference.

18. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than five hundred thousand dollars.

19. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

3                                       3

20. At all times applicable herein and upon information and belief, defendants conducted business in interstate commerce involving the purchase of security equipment and other supplies.

21. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

22. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

23. At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

24. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

25. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

26. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

27. The "·present" or the "present time" as used in this complaint refers to the date this complaint was signed.


### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

28. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if set forth fully and at length herein.

29. At all times relevant herein, plaintiff was employed by defendant within the meaning of the

4                                                    4

FLSA - 29 U.S.C § 201 et Seq.

30. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207.

31. At all times relevant herein, defendant, transacted commerce and business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

32. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

33. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

34. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

35. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

36. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

5                                                            5

**Relief Demanded**

37. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191, 193 and 198

38. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth at length herein.

39. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

40. Defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by withholding, and by failing to pay plaintiff all his non-overtime and overtime wages, as required under NY Labor Law § 190 et seq.

**Relief Demanded**

41. Due to defendant's New York Labor Law Article 6 violations including violation of section 191 and 193, plaintiff is entitled to recover from defendant, his entire unpaid non-overtime and overtime wages, plus maximum liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

42. Declare defendant to be in violation of the rights of plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193 and 198.

43. As to the **First Cause of Action,** award plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

44. As to the **Second Cause of Action,** award plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

45. As to the **Third Cause of Action**, award plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198;

46. Award plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

47. Award plaintiff further and different relief as the Court deems just and proper.


**Dated: Queens Village, New York**

**November 11, 2015**


Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan                         
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*